FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 JAN 26 PM 12: 52

| | | |
|---|---|---|
| MICHAEL W. PERTUSET, | ) | CASE NO. C1-02-366 |
| | ) | |
| Plaintiff | ) | JUDGE SPIEGEL |
| v. | ) | |
| | ) | **NOTICE REGARDING STAY** |
| DON D. JONES, et al., | ) | |
| | ) | |
| Defendants | ) | |

Pursuant to Court Order filed September 10, 2003 granting stay of the proceedings (Exhibit A), National Union notifies this Court of the following update and status of other pending litigation applicable to the issues pending in this matter.

1. *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849.

The Supreme Court of Ohio decided this case on November 5, 2003 (See Exhibit B). The applicable syllabus of the Ohio Supreme Court states:

  2. *Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorists coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999], 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)*

  3. *Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation unless that employee is also a named insured. (Ezawa v. Yasuda Fire & Marine Ins. Co. of Am. [1999], 86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)*

Most importantly, the *Westfield v. Galatis* decision returns to the principles of reasonable contract interpretation, centered around interpreting the plain language of an insurance contract and focused on the intent of the parties to the contract.

4. *Tucker v. Wilson*, Case No. CA2002-01-002, 2002-Ohio-5142 (12th Dist., September 30, 2002).

The appellate court was reversed on the authority of *Westfield v. Galatis*. (See Exhibit C).

5. *Keegan v. American International Group, Inc.*, Case No. 3:02CV7127 (N.D. Ohio 2003).

The Supreme Court determined the questions of law submitted were moot on the authority of *Westfield v. Galatis*. (See Exhibit D)

6. *Skala v. Grange Ins. Co.*, 2002 WL 31115067 (9th Dist., Sept. 25, 2002).

The appellate court was affirmed on the authority of *Westfield v. Galatis*. (See Exhibit D).

7. *Burkhardt v. CNA Ins. Co.*, Case No. 2001CA00265 (5th Dist., February 25, 2002).

The appellate court was reversed on the authority of *Westfield v. Galatis*. (See Exhibit D).

Pursuant to the Court's Order filed September 10, 2003, National Union respectfully requests this Court now provide the parties an opportunity to address coverage issues and file and/or respond to dispositive motions pursuant to a new briefing schedule or case management order.

Respectfully submitted,

*[signature]*

STEVEN G. JANIK (0021934)
MATTHEW J. GRIMM (0065060)
MICHAEL J. CALLOW (0065579)
KATHLEEN A. NITSCHKE (0073379)
JANIK & DORMAN, L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
Telephone: (440) 838-7600
Facsimile: (440) 838-7601
Email: Steven.Janik@Janiklaw.com
　　　　Matthew.Grimm@Janiklaw.com
　　　　Michael.Callow@Janiklaw.com
　　　　Kathleen.Nitschke@Janiklaw.com


Attorneys for Defendant National Union
Fire Insurance Company of Pittsburgh, PA

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Service of Defendant National Union Fire Insurance Company of Pittsburgh, PA was served this 23th day of January, 2003 via First Class U.S. Mail, postage prepaid, upon:

Richard W. Campbell, Esq.
P.O. Box 1324
1024 Kinney's Lane
Portsmouth, Ohio 45662
    **Attorney for Plaintiff, Michael W. Pertuset**

 

_____
One of the Attorneys for Defendant
National Union Fire Insurance Company of
Pittsburgh, PA

I/AIG/USFreightways/2-1612/PLD00018.109/cz