IN THE COMMON PLEAS COURT OF JACKSON COUNTY, OHIO

| | | |
|---|---|---|
| LARRY MURPHY, et al | * | Case No. 02 PI 002 |
| Plaintiffs | * | |
| -vs- | * | **FILED**     <u>ORDER</u> |
| | | COMMON PLEAS COURT JACKSON, OHIO |
| DENNIS L. THORNTON, et al | * | MAY 1 2 2003 |
| Defendants | * | ROBERT WALTON, CLERK |
| | | _____ DEP. |

This matter came before the Court upon the Motion of Defendant American Home Insurance Company, the Memorandum Contra of Plaintiffs to Defendant American Home's Motion, Defendant American Home's Reply Brief, and the Reply Brief of Plaintiffs in support of their Cross-Motion for summary judgment.

Pursuant to Civil Rule 56, summary judgment may be granted if no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law and the evidence reveals that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party opposing the Motion. The Court has reviewed the pleadings, depositions, the record and the arguments presented by counsel and researched the law as applicable to the facts of this case presented.

## FACTS

This case involves an automobile accident in which the Plaintiff Larry Murphy was operating his motor vehicle in Jackson County, Ohio on February 22, 2001. At the same time, the Defendant Dennis Thornton operated his vehicle left of center, striking the motor vehicle driven by Plaintiff Larry Murphy head on. Plaintiff Larry Murphy, as a result of the collision, sustained serious injuries. The Defendant Thornton had an automobile policy with State Farm



Insurance Company which provided liability limits of $50,000.00 per person, or $100,000.00 per accident. The Plaintiffs' automobile policy was with Westfield Insurance Company.

Tara Murphy is the daughter of Plaintiff Larry Murphy and resided in the same household at the time of the accident. At the time of the accident Tara Murphy was an employee of Wal Mart and as a result, Plaintiffs claim that any uninsured or underinsured motorist coverage under Wal Mart's policy of insurance also would cover Plaintiffs in this case.

ARGUMENT

The issue in this case is whether or not Wal Mart is self-insured and if Wal Mart is self-insured, if that fact takes it out of the requirements of 3937.18 of the Ohio Revised Code. American Home Insurance Company provides what is called a "fronting policy" for Wal Mart. Wal Mart is required to pay all claims up to the first five million dollars, and in essence would be self-insured for that amount of money. Technically, Wal Mart does not meet the requirements of being self-insured under Ohio law and the Plaintiffs argue that as a result Ohio Revised Code Section 3937 applies to Wal Mart and Defendant American Home. As cited above, the issue in this case is whether or not Wal Mart meets the requirements of being self-insured for the purposes of 3937.18. American Home argues that Wal Mart functions as a self-insured because Wal Mart has retained the risk of loss under the policies issued by Defendant American Home, even though it may not have been a self-insurer as required by Ohio Revised Code 4509.45 and 4509.72.

To this Court, the issue and the inquiry to be made is whether Wal Mart is self insured, because Wal Mart is ultimately responsible under the policies and Wal Mart bears the risk of loss up to the five million dollars. This Court finds that the answer to this question is "yes." In the case of <u>Dalton, et al. v. Travelers Ins. Co., et al</u>, 5th App. Dist. Court of Appeals, Case Nos. 2001

2

CA 00380, 2001 CA 00393, 2001 CA 00409, the employer was issued a commercial automobile policy and a general liability policy which required the employer to be responsible for up to five hundred thousand dollars under the commercial automobile policy and one million dollars for the general liability policy.  The Court held that because the employer was responsible for payments made to claimants under the policies for the retained amounts the employer was self-insured because the employer still assumed the risk of loss.  The Court further held that because the employer in Dalton was self-insured ORC 3937.18 does not apply to the retained amount, but would apply to any amounts not fully retained.  In this case, the employer, Wal Mart, retained amounts up to five million dollars with the total policy limits of ten million dollars.  As a result, this Court rules that Wal Mart was not required to purchase, and Defendant American Home was not required to offer, uninsured/underinsured motorist coverage to Wal Mart for an amount up to five million dollars.

It is therefore ORDERED that summary judgment is granted to Defendant American Home as to Plaintiffs' Complaint up to a limit of five million dollars for UM/UIM coverage under American Home's policies issued to the employer, Wal Mart.

_____
Leonard F. Holzapfel, Judge

Distribution:    Attorney Tsitouris
                 Attorney Preston
                 Attorney Vick
                 Attorneys Janik
                 Attorney MacKenzie

3