C
Only the Westlaw citation is currently available.

CHECK OHIO SUPREME COURT RULES FOR REPORTING OF OPINIONS AND WEIGHT OF LEGAL AUTHORITY.

Court of Appeals of Ohio, Eleventh District, Geauga County.

NATIONAL MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
Arlene JACKSON, Defendant-Appellant,
Buckeye Union Insurance Company, Defendant-Appellee.

No. 91-G-1637.

March 27, 1992.

Civil Appeal from Common Pleas Court, No. 90 M 000625.

Charles E. Brant, David E. Ballard, Columbus, for plaintiff-appellee.

Gerald R. Walton, Cleveland, for defendant-appellant.

Neil E. Roberts, Cleveland, for defendant-appellee.

Before FORD, P.J., and CHRISTLEY and JOSEPH E. MAHONEY, JJ.

OPINION

CHRISTLEY, Judge.

*1 This is an accelerated appeal from a decision of the Geauga County Court of Common Pleas, granting summary judgment in favor of appellee, the National Mutual Insurance Company, on its complaint. Consistent with appellee's prayer for relief, the trial court concluded that appellant, Arlene Jackson, the administratrix of the deceased, was not entitled to recover under the uninsured motorist provision of her insurance policy with appellee.

In the original lawsuit, the negligent party, a Coemployee, was immune from suit for wrongful death pursuant to R.C. 4123.741, fellow servant immunity.

The deceased was directly insured by National Mutual Insurance Company. Teague Gravel Co. and its employees, (including deceased Jackson) were insured by Buckeye Union.

The National Mutual policy was first issued to the deceased in October 1983; his date of death was December 1984.

Under her sole assignment, appellant contends that the trial court erred in interpreting the pertinent policy language, as its reliance upon *State Farm Mut. Auto. Inc. Co. v. Webb* (1990), 54 Ohio St.3d 61, was misplaced. Specifically, appellant asserts that the court erred in applying *Webb* retroactively to this case because it impaired the preexisting contract rights of the parties.

In *Webb*, the Supreme Court expressly overruled its earlier decision in *Thiel v. Allstate Ins. Co.* (1986), 23 Ohio St.3d 108. The *Thiel* case involved an appeal from a decision of this district, released in May 1985. Under *Thiel*, appellant clearly would have been entitled to recover from appellee under the uninsured motorist provision of her policy.

Under Ohio law, a decision such as Webb which overrules a previous Supreme Court decision, is generally retroactive in its operation. However, this rule does not apply "where contractual rights have arisen or vested rights have been acquired under the prior decision." *Peerless Electric Co. v. Bowers* (1955), 164 Ohio St. 209, 210. The contract aspect of this exception is obviously predicated upon the constitutional prohibition against the retroactive impairment of contract obligations.

The final phrase of the foregoing quote, "acquired under the prior decision," strongly suggests that before this exception to the general rule will apply, the parties must have relied upon the prior decision in entering into the contract in question.

Although this particular issue has never been addressed, the language of the decisions in which this exception has been invoked implies that it can only be applied to agreements made during the period that the first decision is controlling. See, *e.g., Cincinnati v. Taft* (1900), 63 Ohio St. 141, syllabus; *State, ex rel. Losh v. Gibson* (1901), 8 Ohio N.P. 367. Such a requirement is consistent with the more general proposition that the parties to an agreement are

presumed to have contracted with reference to the existing law. 17A American Jurisprudence 2d (1991) 402, Contracts, Section 381.

*2 In addition, this court would note that the language in *Webb* supports the conclusion that the Supreme Court would now hold that *Thiel* should not be applied to any policy which was issued before *Thiel* was rendered. In *Thiel*, the majority attempted to distinguish its decision from the court's earlier pronouncement in *York v. State Farm Fire & Cas. Co.* (1980), 64 Ohio St.2d 199.

Then, in *Webb*, the court specifically stated that *York* had set forth the appropriate legal standards on the issue, and that the result in *Thiel* was "contrary to uninsured motorist coverage, and substantially impair the contractual relation between appellant [the company] and its insured." *Webb, supra, at* 65. Accordingly, *at the very least, Thiel* can only be applied to those policies which were issued after it was rendered.

In this case, the parties stipulated that the policy in question was issued prior to either our decision in *Thiel*, or the Supreme Court's decision. Further, the death also occurred before either decision. Under these circumstances, the decisions in *York* and *Webb* would govern.

At oral arguments in this case, appellee National Insurance cited *King v. Safeco Ins. Co.* (1990), 66 Ohio App.3d 157, in support of its position. In dealing with a situation similar to that presented in this case, the *King* court concluded that the retroactive application of judicial decisions does not violate the contract clause of the federal constitution. In order to fully understand this decision, it is necessary to discuss the scope of the contract clause.

As a general rule, judicial decisions are not considered "laws" as contemplated by the constitutional provision; *i.e.*, a majority of courts have held that there is no vested right in a court's decision, and the overruling of that decision does not constitute the passing of a law which would impair a contract. 16A American Jurisprudence 2d (1979) 712, Constitutional Law, Section 702.

However, some courts have taken the opposite view:

"Some of the early federal cases and some state cases following them hold that a change in decision does impair the obligation of contracts, at least if the change involves a change in the construction of a statute or constitutional provision. Some cases make a distinction between changes in common-law rules and those involving the construction of a statute or a constitutional provision, holding that a decision of the former kind does not involve an impairment of contract obligations, but that a decision in the latter case does." *Id.* at 713-714 (Footnotes omitted).

As was noted earlier, the general rule in Ohio concerning the retroactive application of judicial opinions was set forth in *Bowers, supra*, at 210:

"The equal protection clause of the federal Constitution does not assure uniformity of judicial decisions. The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision."

*3 Although *Bowers* does not refer to the constitutional provision against the impairment of contracts, it would appear that Ohio was still following the minority rule concerning whether judicial decisions can impair contract rights. This conclusion is also based upon the fact that in a previous decision, *Thomas v. State, ex rel. Gilbert*, (1907), 76 Ohio St. 341, our Supreme Court cited a United States Supreme Court decision which followed the minority rule. While the United States Supreme Court has subsequently overruled its decision, our Supreme Court has never overruled *Thomas*, manifesting the minority rule. Accordingly, *Bowers* is still good law in Ohio.

Nevertheless, in *King*, the First Appellate District quotes *Bowers*. The court then cites its own earlier decision, in which it held that the retroactive application of decisions which alter the interpretation of a statute may violate the federal contract clause. Based upon the United States Supreme Court decision, the *King* court then goes on to overrule its prior decision.

"In light of the decision of the United States Supreme Court in *Fleming [v. Fleming (1924), 264 U.S. 29]*, we find that our reliance in *Ehrhardt [v. Baltimore & Ohio RR. Co. (1985), 24 Ohio App.3d 83]*, on the Ohio Supreme Court's decision in *Thomas, supra, was misplaced. * * * We adopt here, instead, the rule set forth in Fleming, supra, that judicial decisions, even if they alter the construction or interpretation of a statute, do not constitute "law(s)" for purposes of the federal prohibition against the impairment of the obligation of*

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

*contracts."* King, supra. *at 163.*

Thus, it appears that the First appellate District has also concluded that *Bowers* is no longer binding, reasoning that if a judicial opinion does not fall within the contract clause of the constitution, then the fact that an opinion might impair a contract obligation should have no bearing on whether it can be applied retroactively.

However, the Ohio Supreme Court continues to cite *Bowers* as "good" law. Moreover, it would seem that since the Ohio Constitution has a contract clause, only our Supreme Court can alter our rule. Stated differently, how can an appellate court ignore a state decision *which can also be based on state grounds not just federal?* Accordingly, this court respectfully disagrees with *King's* logic. However, this does not affect the outcome of the instant case, as under *King,* the *Webb* decision would control.

Pursuant to our previous discussion, the trial court did not err in concluding that *Thiel* was inapplicable to the policy here. The judgment of the trial court is affirmed.

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.

1992 WL 86567 (Ohio App. 11 Dist.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works