FILED
JAMES BONINI
CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

04 APR 29 AM 9: 20

| | |
|---|---|
| MICHAEL W. PERTUSET<br><br>Plaintiff,<br><br>v.<br><br>DON D. JONES, et al.,<br><br>Defendants. | Case No. C1-02-366<br><br>Judge Spiegel |

## Plaintiff's Memorandum Contra Motion for Summary Judgment of Defendant National Union Fire Insurance Company

There being genuine issues of material fact and <u>law</u>, Plaintiff requests that defendant's motion for summary judgment be overruled.

## Statement of Facts

On February 9, 1998, Plaintiff Michael Pertuset was involved in a motor vehicle collision with Don D. Jones, who was negligent. The collision occurred in Adams County, Ohio. Mr. Pertuset settled his claim against Jones for the $50,000.00 policy limits of his liability carrier, Allstate, with the consent of Defendant National Union.

At the time of the accident, Plaintiff was employed by Cargill, Inc., which was insured by various policies of liability set forth in Defendant National Union's First Motion for Summary Judgment at Page 1 and incorporated by reference

herein. Pertuset was acting within the course and scope of his employment at the time of the collision. His claim therefore survives the Ohio Supreme Court's recent decision in **Westfield Ins. Co. v. Galatis**, 100 Ohio St.3d 216 (2003), which of course limited the Court's previous decision of Scott-Pontzer v. Liberty Mut. Fire Ins. Co., 85 Ohio St. 3d 660 (1999).

## Law and Argument

The thrust of National Union Insurance Company's ("National Union's") argument is that first Michael Pertuset is not entitled to coverage under the National Union policy because he was not occupying a "covered auto" at the time of his crash, and further that the aforementioned insurance policies are not subject to R.C. 3937.18 because the policy covers a "self-insured" company. These arguments fail for several reasons.

### 1. National Union's "covered auto" argument was rejected in Scott-Pontzer.

National Union's position was also rejected in the *Scott-Pontzer* decision itself. The insurer in *Scott-Pontzer* apparently also argued that the policy only applied to persons occupying covered autos. In rejecting this argument, the Ohio Supreme Court characterized this as an "absurd" result:

> Nonetheless, we believe that to adopt appellees'
> position in this matter would clearly produce absurd
> results. For instance, appellees' position is that only
> those employees occupying a "covered auto" are
> insureds under the Liberty Fire policy. Appellees'
> attorney conceded during oral argument that this
> position precluded coverage for employees driving
> their personal motor vehicles while acting during the
> scope of their employment. As a result, through the
> doctrine of respondeat superior, Superior Dairy would

be potentially liable, without the protections afforded
by automobile liability insurance (not to mention
uninsured/underinsured motorist coverage), for
tortious conduct by such employees. It could hardly
have been the intent of Superior Dairy to place itself
in such a precarious position. *Scott-Pontzer, supra,* at
666.

The above-quoted portion of *Scott-Pontzer* is still valid. In **Westfield Ins.**

**Co. v. Galatis**, 100 Ohio St.3d 216 (2003), the Court stated as follows:

The general intent of a motor vehicle insurance policy
issued to a corporation is to insure the corporation as
a legal entity against liability arising from the use of
motor vehicles. King v. Nationwide Ins. Co., 35 Ohio
St.3d at 211, 519 N.E.2d 1380. It is settled law in
Ohio that a motor vehicle operated by an employee of
a corporation in the course and scope of employment
is operated by and for the corporation and that an
employee, under such circumstances, might
reasonably be entitled to uninsured motorist coverage
under a motor vehicle insurance policy issued to his
employer. Id. at 213, 519 N.E.2d 1380. See, also,
Selander v. Erie Ins. Group (1999), 85 Ohio St.3d
541, 709 N.E.2d 1161.

It is well established that uninsured/underinsured motorist coverage

is to protect persons, not vehicles. In *Bagnoli v. Northbrook Prop. & Cas. Ins.*

*Co.*, 86 Ohio St.3d 314, 1999-Ohio-108, 715 N.E.2d 125, and *Dillard v. Liberty*

*Mut. Ins. Co.*, 86 Ohio St.3d 316, 1999-Ohio-177, 715 N.E.2d 126, none of the

injured parties were in a covered vehicle under the policies in question, and were

found to be covered pursuant to *Scott-Pontzer.* These cases rest upon the

premise that uninsured/underinsured motorist coverage is to protect persons, not

vehicles. *Scott-Pontzer, supra,* 664; *Martin v. Midwestern Group Ins. Co* (1994),

70 Ohio St.3d 478. If the employees of the named insured have

uninsured/underinsured coverage, the vehicle in which they are found is not relevant under the premise that the insurance protects persons and not vehicles.

### 2. National Union's insurance policy is subject to R.C. 3937.18.

It is not disputed that the automobile insurance policy issued by National Union's covers Plaintiff's corporate employer, Cargill, Inc. However, National Union argues first that UDM coverage was properly offered by National Union but rejected by its named insured, and second that the National Union policy was in fact a form of self-insurance which does not give rise to the obligation to offer UDM coverage in the first instance.

In order to be entitled to coverage under the National Union policy, Plaintiff must prevail on both arguments. Therefore, both arguments are addressed in the sections below.

### 1. UDM Coverage Arises By Operation of Law Under the National Union Policy Because National Union Failed to Properly Offer or Obtain a Proper Rejection of Such Coverage.

In Ohio, every automobile liability insurance policy must provide uninsured and underinsured motorist coverage pursuant to R.C. 3937.18. Uninsured motorist coverage may be omitted from a motor vehicle liability policy of insurance only if such coverage is offered by the insurer and rejected in writing by the insured. If a motor vehicle liability policy of insurance is issued without uninsured motorist coverage, and such coverage was not offered by the insurer

and rejected by the insured, then such coverage arises by operation of law. **_Abate v. Pioneer Mutual Cas. Co.,_** 22 Ohio St.2d 161, 258 N.E.2d 429 (1970).

National Union argues that uninsured motorist coverage was offered to, and rejected by, a representative of Cargill, Inc. National Union's argument must fail, however, because the rejection forms upon which National Union relies do not constitute a valid offer and knowing rejection of UDM coverage under Ohio law.

The Ohio Supreme Court considered what elements constitute a valid offer and rejection of UM coverage in **_Linko v. Indemnity Insurance Company of North America,_** 90 Ohio St. 3d 445 (2000). In _Linko,_ the court held that for an offer of UM coverage to be valid it must contain:

> 1)    a brief description of coverage;
>
> 2)    the premium for that coverage; and
>
> 3)    an express statement of the UM/UIM coverage limits.

_Linko,_ at 449.

The National Union rejection forms are invalid because National Union failed to provide, in writing, the cost of the UM coverage. Without a lawful offer, there can never be a lawful rejection of coverage. See _Linko,_ supra at page 449. Therefore, Plaintiff is entitled to UM coverage under the National Union policy, by operation of law, in the amount of the liability coverage, $5 million.

The 10th District Court of Appeals recently weighed in on this "self insured" argument in a well reasoned decision in the case of **_Dalton v. Wilson,_** 2002 Ohio 4015; 2002 Ohio App. LEXIS 4202 (2002), attached hereto as Exhibit

A. The **_Dalton_** Court concluded that a "fronting policy," much like the one in question here, did not create a self-insured company not subject to the Uninsured Motorist statute. This case was followed by another Court of Appeals in **_Grubb v. Michigan Mutual Insurance Co_**., 2003 Ohio 1558; 2003 Ohio App. LEXIS 1495 (Montgomery County 2003), attached hereto as Exhibit B.

> We find more compelling the decision of the Tenth District Court of Appeals in *Dalton v. Wilson*, Franklin App. No. 01AP-014, 2002 Ohio 4015, wherein the court held that HN6 fronting agreements do not constitute self-insured schemes. The Tenth District noted that the courts that have found these agreements to constitute self-insurance have extended the holding in *Grange, supra,* in ways not contemplated by the Ohio Supreme Court. 2002 Ohio 4015, at P75. The court further stated that a company cannot be allowed to fail to comply "with the statutory requirements for invoking self-insured status, [and at the same time seek to] declare itself a self-insurer for purposes of avoiding the requirements of the UM/UIM statute." 2002 Ohio 4015, at P76. "As stated by the Montgomery County Court of Common Pleas in *Roberts v. State Farm Mutual Auto. Ins. Co.* (2001), Montgomery C.P. No. 00-CV-0886: ' [**12] It may be well and good and entirely lawful for a 'fronting agreement' *** to spare [an entity] the expense and potential administrative quagmires of formal registration in every state, territory and country where it does business and for these 'devices' to provide [an entity] the use of [an insurer's] filings and claims service, but they do not paralyze or mute the walking and quacking duck of insurance coverage.' " 2002 Ohio 4015, at P77-78.

## Conclusion

For the reasons set-forth above Plaintiff respectfully requests that National Union's Motion for Summary Judgment be denied.

Respectfully Submitted,

Richard W. Campbell No. 0015060
Attorney for Plaintiff
P.O. Box 1324
1024 Kinney's Lane
Portsmouth, Ohio 45662-1324
 (740) 354-5659
Fax: (740) 354-5650
rick@rwcampbelllaw.com

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing **Plaintiff's Memorandum**

**Contra Motion for Summary Judgment of Defendant** National Union

**Insurance Company** was served upon the following by ordinary U.S. mail this

28th day of April, 2004:

MICHAEL J. CALLOW
JANIK & DORMAN, L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147
Attorney for Defendant

**Richard W. Campbell (0015060)**
Attorney for Plaintiff