UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL W. PERTUSET, | ) | CASE NO. C1-02-366 |
| | ) | |
| Plaintiff, | ) | JUDGE SPIEGEL |
| | ) | |
| vs. | ) | **REPLY BRIEF IN SUPPORT OF** |
| | ) | **MOTION FOR SUMMARY** |
| DON D. JONES, et al., | ) | **JUDGMENT OF DEFENDANT** |
| | ) | **NATIONAL UNION FIRE** |
| Defendants. | ) | **INSURANCE COMPANY OF** |
| | ) | **PITTSBURGH, PA** |

**I.     THE FRONTING POLICIES ARE EXEMPT FROM R.C. § 3937.18**[1]

The concept of "self-insurance in the practical sense" turns upon who bears the ultimate responsibility for the risk of loss. National Union respectfully submits that any mechanism that effects retention of the risk of loss is exempt from the requirements of R.C. § 3937.18.

In *Grange*, the Supreme Court of Ohio held that the provisions of R.C. § 3937.18 do not apply to either self-insurers or financial responsibility bond principals. *Id*. @ 47, N.E.2d @ 311, Syllabus by the Court. The *Grange* Court reasoned that:

> Refiners sought to meet its financial responsibility requirements and to protect itself from claims, in part by purchasing a financial responsibility surety bond and in part by purchasing two excess insurance polices for larger claims. As such, it was not a "self-insurer" in the legal sense contemplated by R.C. 4509.45(D) and 4509.72, but rather in the practical sense in that Refiners was ultimately responsible under the term of its bond either to a claimant or the bonding company in the event the bond company paid any judgment claim.

---

[1] For the convenience of the Court, National Union will use the same headings, abbreviations, and references to Exhibits and Appendices used in its Motion for Summary Judgment, and Brief in Opposition to Plaintiff's Motion for Partial Summary Judgment which are incorporated by reference herein, and will label additional authorities in support in sequential order.

*Id.* @ 49, N.E.2d @ 312-313.

National Union respectfully submits that the reasoning of *Grange* should control the issue of whether fronting policies are "self-insurance in the practical sense" so as to be exempt from R.C. § 3937.18. Indeed, *Grange* was unchallenged until *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, which the Supreme Court of Ohio wisely limited in *Westfield Ins. Co. v. Galatis* (2003), 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256.

Fronting policies are not conventional insurance because the insured retains the risk of loss. Fronting policies allow an insured to control its own risks, to avoid spending resources to certify as a self-insured in all fifty states, and to do so using a mechanism recognized and accepted by the Ohio Department of Insurance. Risk management through fronting policies is an integral and vital aspect of commerce in Ohio, and across the United States.

Pertuset would subject every policy to R.C. § 3937.18, without regard to whether there is any transfer of risk under the policy as to trigger the requirements of the statute. If the General Assembly had intended such a result, it would have undoubtedly effected it in one of its six amendments to R.C. § 3937.18 since the decision in *Grange*. In fact, in enacting 1997 H.B. 261, the General Assembly specifically provided by way of R.C. § 3937.18(K)(4) that a self-insured vehicle was not "uninsured," but did not impose the requirements of R.C. § 3937.18 on the self-insurance mechanism, *e.g.*. fronting policy, for such a vehicle.

Although Pertuset seeks to distinguish a fronting policy from a certificate of self-insurance, under Title 45, a certified self-insured posts collateral with the Department of Public Safety, while under a fronting policy, the self-insured in the practical sense posts collateral with an insurer. In each case, the collateral responds if for any reason the self-insured cannot. Thus, a

fronting policy accomplishes under the auspices of the Department of Insurance what Title 45 accomplishes under the auspices of the Department of Public Safety.  Under either approach, a self-insurance mechanism allows an insured to retain the risk of loss, while providing protection within the context of its risk management program.

Where there is no transfer of risk, there is no need for an offer of, or informed decision to accept or reject, UM/UIM coverage because the insured retaining the risk of loss will be offering such coverage to itself, a result appropriately considered to be "absurd" in *Grange*. *Id.* @ 49, N.E.2d @ 312 (citing *Snyder v. Roadway Express, Inc.* (1982), 70 Ohio App.3d 218, 455 N.E.2d 11).

When Cargill is substituted into *Grange*, the National Union Fronting Policies fall squarely within its rationale:

> [**Cargill**] sought to meet its financial responsibility requirements and to protect itself from claims, in part by [**entering into fronting policies under which it retained the risk of loss**]  As such, it was not a "self insurer" in the legal sense contemplated by R.C. 4509.45(D) and 4509.72, but rather in the practical sense in that [**Cargill is**] ultimately responsible under the [**terms of the National Union Fronting Policies**] either to a claimant or [**to National Union**] in the event [**National Union pays**] any judgment claim.

Thus, applying the rationale of *Grange* to fronting policies so as to exempt them from R.C. § 3937.18 is sound, in that it is impossible to conceive that one who retains the risk of loss can make an unintelligent rejection or selection of a lesser limit of UM/UIM coverage.

Therefore, the Fronting Policies are exempt from R.C. § 3937.18, all of its requirements, and all of its case law, such that the intent of Cargill to reject UM/UIM coverage in Ohio under the CA Fronting Policy, as manifested by the Rejection Form, and to not provide UM/UIM coverage under the GL Fronting Policy, is enforceable as a matter of contract.  Accordingly, Pertuset's reliance upon *Linko* is misplaced because it does not apply, and to the extent it does

apply, he attempts to rewrite the decision. The requirements of *Linko* must be satisfied within the "four corners of the insurance agreement," not the four corners of the Rejection Form. *Linko* @ 450, N.E.2d @ 343.

Viewing the Program in its entirety in accordance with its express terms and the intent of Cargill and National Union, including the Declarations of the CA Fronting Policy, the premium information is supplied. *See Davis v. U.S. Fidelity and Guaranty Co.,* Case No. 1:01CV02708 (N.D. Nov. 18, 2002) (App. RRR); *Dalton* @ *13 (App. S); *Oblinger v. State Auto Ins. Cos.*, Case No. A0205411 (C.P. Hamilton Cty., Jan. 16, 2004)(App. SSS).

## II. THE GL FRONTING POLICY IS NOT SUBJECT TO R.C. § 3937.18

Pertuset offers no opposition to National Union's argument that the GL Fronting Policy is not an "automobile liability or motor vehicle liability policy of insurance," in accordance with *Hillyer* and *Davidson*, and thus is not subject to R.C. § 3937.18. Therefore, there are no genuine issues of material fact, and National Union is entitled to judgment as a matter of law.

## III. PERTUSET WAS NOT OCCUPYING A COVERED AUTO

Contrary to the assertions of Pertuset, the construction of Symbol 6 argued by National Union was not addressed in *Scott-Pontzer, Galatis, Bagnoli,* or *Dillard*. Unlike *Scott-Pontzer*, where Liberty Mutual advocated a policy construction precluding liability coverage for Superior Dairy employees operating their personal automobiles within the scope and course of employment, liability coverage for employees of Cargill is unaffected by National Union's construction of UM/UIM coverage.

National Union is not arguing an exclusion to UM/UIM coverage that is unenforceable under the governing version of R.C. § 3937.18. Rather, a Cargill employee is entitled to UM/UIM coverage only when occupying an auto owned by Cargill, as a material term of the

4

insuring agreement, consistent with the intent of Cargill and National Union as manifested by the Declarations and Endorsement A of the CA Fronting Policy, the Rejection Form, and the fact that the CA Fronting Policy did not issue with an Ohio UM Endorsement.

Therefore, because Pertuset was not occupying an auto owned by Cargill, he cannot satisfy his burden to bring himself within the protection afforded under the terms of the CA Policy, he is not entitled to UM/UIM coverage, there are no genuine issues of material fact, and National Union is entitled to judgment as a matter of law.

### V. PERTUSET IS NOT ENTITLED TO UM/UIM COVERAGE UNDER THE BE POLICY

Pertuset offers no opposition to National Union's argument that UM/UIM coverage cannot be imposed upon the BE Policy if there is no UM/UIM coverage provided in the underlying policies. As previously established, the Fronting Policies do not provide UM/UIM coverage in Ohio. Furthermore, Cargill rejected UM/UIM coverage under the BE Policy. Therfore, there are no genuine issues of material fact, and National Union is entitled to judgment as a matter of law.

### IX. NATIONAL UNION IS ENTITLED TO A CREDIT OF ALL COLLATERAL SOURCES

Pertuset offers no opposition to National Union's argument that it is entitled to a credit of all collateral sources paid to Pertuset against any limits of UM/UIM coverage imposed upon the National Union Policies by operation of law. Therefore, there are no genuine issues of material fact, and National Union is entitled to judgment as a matter of law.

## X. CONCLUSION

For the foregoing reasons, National Union submits that there is no genuine issues of material fact, Pertuset is not entitled to judgment, and National Union is entitled to judgment as a matter of law.

Respectfully submitted,

/s/ Matthew J. Grimm
STEVEN G. JANIK (0021934)
MATTHEW J. GRIMM (0065060)
JANIK & DORMAN, L.L.P.
9200 South Hills Blvd., Suite 300
Cleveland, Ohio 44147-3521
Phone:  (440) 838-7600
Fax:     (440) 838-7601
Email:  Matthew.Grimm@JanikLaw.com

Attorneys for Defendant, National Union Fire
Insurance Company of Pittsburgh, PA

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 10th day of May, 2004, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              /s/ Matthew J. Grimm
                                              Matthew J. Grimm (0065060)

2-1612/BRF0002.34/cp